UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

DANNY A. MILLIGAN  Case No. 04-17079
KARAN MILLIGAN

      Debtors

# ORDER FINDING GMAC TO BE A SECURED CREDITOR AND GRANTING THE TRUSTEE'S MOTION REQUESTING A SURCHARGE AGAINST GMAC'S SECURITY INTEREST

    Larry Edge, Attorney for Debtor, Loris Law Office, P.C., Mobile, AL
    Lionel C. Williams, Attorney for Trustee, Mobile, AL
    Joy J. Minner, Attorney for Semperian, LLC as servicing subsidiary for GMAC, LLC, Yearout, Spina, & Lavelle, P.C., Birmingham, AL
    Travis Bedsole, Bankruptcy Administrator, Mobile, AL

This matter came before the Court on the trustee's motion for determination of secured status and to surcharge secured creditor with costs of associated administration. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court finds that GMAC is a secured creditor for purposes of this hearing and grants the trustee's motion requesting a surcharge.

## FACTS

The debtors filed a chapter 13 case and plan on December 10, 2004. On December 21, 2004, GMAC filed its proof of claim in the case, alleging it held a claim secured by a 2003 Chevy Trailblazer ("Chevy") in the amount of $18,825. Subsequently, the Court confirmed the debtors' plan on April 26, 2005. However, the debtors were unable to make consistent payments

under the plan, and the case was dismissed on August 9, 2006.

Prior to dismissal, the Chevy was involved in an accident and deemed a total loss by the insurance carrier, State Farm. On October 25, 2006, State Farm mailed a check to John McAleer, the chapter 13 trustee, in the amount of $14,113, with an enclosed letter directing him to forward the insurance proceeds to GMAC. However, the debtors' case was reopened and eventually converted to a chapter 7 case on October 26, 2006. As a result, Mr. McAleer handed the funds over to the Chapter 7 trustee, Lynn Andrews ("trustee").

At the hearing on the motion held on February 6, 2007, the trustee testified that she works for the office of the Bankruptcy Administrator which issues specific guidelines she must follow. According to the guidelines, the trustee must deposit checks within 48 hours of receipt. When there are funds in the estate, a trustee must issue an asset notice.[1] Ms. Andrews always sends out an asset notice as soon as she receives any funds. This is what the trustee did in this case. However, after she issued the asset notice, the trustee was contacted by GMAC several times. GMAC requested that the trustee turn over the insurance proceeds to it since it was a secured creditor. The trustee testified that she responded to these requests by informing GMAC that she needed a proper court order before she could turn over any estate funds to GMAC, and, if GMAC believed it was entitled to these funds, it needed to file a motion for relief with the Court. GMAC, however, never filed such a motion. The trustee testified that if GMAC had filed such a motion, then she would not have had to hire an attorney for the present proceeding. On cross-examination, the trustee testified that some of GMAC's correspondence with her indicated that if

---

[1] The Bankruptcy Administrator verified the existence of these guidelines during his testimony before the Court.

a court order was needed, GMAC would have been happy to enter into such a consent order with the trustee. The trustee clarified, however, that she would not enter into a consent order until she had evidence of the validity of GMAC's claim. She needed security documents, an affidavit about the value of the vehicle, the payoff, etc.

The parties stipulated to other facts, namely that GMAC's attorney ("Minner") left a message on debtor's attorney's ("Williams") answering machine on January 15, 2007, informing him that she planned to file a motion for relief with the Court either the same day or the next day. Williams contended that when he saw no such motion filed, he filed the present motion on January 18, 2007. Minner countered, and Williams conceded, that she met Williams in Court while in Mobile and informed him she would soon file GMAC's motion, to which Williams responded that she did not have to file the motion since he had already done so.

The trustee testified that, if allowed to surcharge GMAC, she would seek her statutory commission of $2,162.65 and attorney's fees for her attorney of $874.50.

**LAW**

The trustee argues that this is a classic surcharge case under 11 U.S.C. § 506(c). In this regard, the trustee argues that GMAC threatened the trustee, never filed an appropriate motion for relief from stay, and never presented documents to the Court to verify it was actually secured. GMAC argues that the trustee is not entitled to a surcharge. GMAC contends that the trustee's present motion is unnecessary since Minner contacted Williams and informed him that GMAC would soon file the appropriate motion for relief. However, Williams and the trustee did not wait and thereby incurred unnecessary expense. GMAC further asserts that it has proven its secured status by attaching a copy of the contract and certificate of title in its response to the

3

Case 04-17079    Doc 62    Filed 02/09/07    Entered 02/09/07 13:45:19    Desc Main
Document      Page 3 of 6

trustee's motion and through the letter from State Farm to Mr. McAleer requesting he turn over the funds to GMAC.

The Court is confronted with two issues: (1) whether GMAC is a secured creditor with regard to the insurance proceeds; and (2) whether the trustee is entitled to a surcharge under Section 506(c)?

### A. Is GMAC A Secured Creditor?

A properly filed proof of claim constitutes prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). When an objection is raised, it is the objector's burden of proof to rebut this prima facie validity. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). If the objector meets this requirement, then the burden of proof shifts back to the claimant, who must convince the court of the validity of his or her claim by a preponderance of the evidence. *Id*. at 174. "The burden of persuasion is always on the claimant." *Id*.

GMAC properly filed its proof of claim on December 21, 2004. In its proof of claim, it held itself out to be a secured creditor with regard to the amount owed on the Chevy. The trustee argued that GMAC failed to provide documentation evidencing its secured creditor status; however, GMAC did provide the Court with the contract and certificate of title showing such status. Moreover, by filing a timely proof of claim, the presumption of validity is on GMAC's side. The trustee has failed to rebut this presumption. Therefore, despite the loss of the collateral securing its claim, GMAC's lien nonetheless attached to the insurance proceeds, if the policy so provided.[2] Therefore, the Court finds that GMAC is a secured creditor as to the insurance

---

[2] The determination as to whether a secured creditor's lien attaches to insurance proceeds on the destruction of the collateral securing the debt or whether insurance proceeds constitute property of the estate usually turns on who the named loss beneficiary is in the insurance

4

proceeds for purposes of this ruling.  GMAC should provide the trustee with a copy of the insurance policy so the trustee can verify GMAC's right to the proceeds.  The Copy should be provided within 14 days.[3]

B.  Is the Trustee Entitled to a Section 506(c) Surcharge?

Section 506(c) provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim . . . ."  "The burden to prove entitlement to fees under § 506(c) rests with the movant . . . and the burden is a heavy one." *In re Croton River Club, Inc.*, 162 B.R. 656, 659 (Bankr. S.D.N.Y. 1993).

The movant in this case, i.e. the trustee, has satisfied this burden.  The trustee preserved GMAC's insurance proceeds by not distributing the funds to the debtors' unsecured creditors, despite GMAC's unwillingness to file a motion for relief with the Court upon the trustee's insistence that it do so.  Moreover, it was quite reasonable and necessary for the trustee to incur the additional expense of hiring an attorney considering GMAC's contact with the trustee several times and the demands made of her.  Therefore, the Court finds that the trustee and her attorney are entitled to a Section 506(c) surcharge against GMAC's security interest.

The Court, after hearing the evidence, concludes, however, that a commission of

---

contract.  *See Bradt v. Woodlawn Auto Workers, F.C.U.*, 757 F.2d 512 (2d Cir. 1985); *In re Suter*, 181 B.R. 116 (Bankr. N.D. Ala. 1994); *In re Arkell*, 165 B.R. 432 (Bankr. M.D. Tenn. 1994).  However, no copy of the insurance agreement was provided to the Court.

[3]The Court's finding that GMAC is a secured creditor with regard to this ruling will not be conclusive until (1) GMAC provides the trustee with a copy of the insurance policy that allegedly gives it a secured status, and (2)(i) the trustee either determines that GMAC holds such a status, or (ii) the trustee files a motion with the Court disputing GMAC's secured status and the Court issues a final order.

$2,162.65 for the trustee and fees of $874.50 for her attorney is not reasonable. Both Ms. Andrews and Mr. Williams had to spend time on this matter. Although it was not improper for the trustee's attorney to file the present motion two days after the expiration of the time GMAC's attorney promised him GMAC would file its motion, if he had waited one or two more days, this motion might have been avoided. A fee of $400 for Mr. Williams and a commission of $400 for Ms. Andrews is appropriate.

THEREFORE IT IS ORDERED AND ADJUDGED

1. GMAC is a secured creditor as to the insurance proceeds for purposes of this ruling;

2. GMAC shall provide the trustee with a copy of the insurance policy that allegedly gives it an interest in the insurance proceeds within 14 days of the entry of this order to allow the trustee to verify its actual secured status; and

3. The trustee and her attorney are each entitled to a $400 surcharge against GMAC's security interest pursuant to Section 506(c).

Dated: February 9, 2007

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE